PER CURIAM:
We sua sponte withdraw the prior panel opinion, United States v. Martinez-Lugo, 773 F.3d 678 (5th Cir.2014), and substitute the following:
Defendant-Appellant Juan Francisco Martinez-Lugo appeals from the district court’s application of a 16-level sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(i) for his having been removed following a conviction for a drug trafficking offense for which the sentence was greater than 13 months based upon Martinez’s 2002 Georgia conviction for possession with intent to distribute marijuana. For the reasons set out below, we AFFIRM the sentence.
FACTS AND PROCEEDINGS
Martinez-Lugo was charged in an indictment with being unlawfully present in the United States following removal. He pleaded guilty to the indictment without the benefit of a written plea agreement. In the Presentence Report (“PSR”), the Probation Office determined that Martinez-Lugo’s base offense level was eight. It applied a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(i) for having been removed following a conviction for a drug trafficking offense for which the sentence was greater than 13 months. The recommendation was based on Martinez-Lugo’s 2002 Georgia conviction for possession with intent to distribute marijuana, for which Martinez-Lugo was sentenced to five years of imprisonment with two of those years probated.
Applying a two-level reduction for acceptance of responsibility, the Probation Office determined that Martinez-Lugo’s total offense level was 22. Based upon Martinez-Lugo’s total offense level of 22 and criminal history category of IV, it calculated that his guidelines sentence range was 63-78 months of imprisonment and that his guidelines sentence range would be 57-71 months of imprisonment if he were granted an additional one-level reduction for acceptance of responsibility. As an attachment to the PSR, the Probation Office included the accusation, guilty plea documentation, and final judgment from Martinez-Lugo’s 2002 conviction, and those documents showed that MartinezLugo had been convicted under Ga.Code Ann. § 16 — 13—30(j)(l) (2002).
When the case was first called for sentencing, Martinez-Lugo raised an objection to the 16-level enhancement on the ground that his prior Georgia conviction did not qualify as a “drug trafficking offense” under the Supreme Court’s reasoning in Moncrieffe v. Holder, — U.S. -, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013), which considered the same Georgia statute. The district court granted Martinez-Lugo a continuance, and he subsequently filed a written objection to the PSR on that basis.
The district court overruled MartinezLugo’s objection. The Government moved for the additional one-level reduction for acceptance of responsibility, and the district court granted the motion. The district court additionally ruled that Martinez-Lugo’s criminal history category was “artificially exaggerated” and that a criminal history category of III was more accurate. Based upon a total offense level of 21 and criminal history category of III, it determined that Martinez-Lugo’s guide *201 lines sentence range was 46-57 months of imprisonment. It sentenced MartinezLugo to 46 months of imprisonment without a term of supervised release. Martinez-Lugo filed a timely notice of appeal on the basis that the district court misapplied the 16-level sentence enhancement for a “drug trafficking offense” under § 2L1.2(b)(l)(A)(i).
STANDARD OF REVIEW
Martinez-Lugo is not the first appellant to argue that, following Moncrieffe, a conviction “for giving away or offering to give away [ie., for no remuneration] a controlled substance” does not constitute “a drug trafficking offense under ... § 2L1.2(b)(l)(A)(i).”[1] He is, however, the first to have preserved the error by raising the objection at the district court, so we are not limited to plain error review, which must deny relief where, as here, “the issue is subject to reasonable debate and' the error is not readily apparent.”[2]
Because Martinez-Lugo preserved his objection to the sentence enhancement, “[w]e review the district court’s interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error.”[3] “We review a district court’s conclusion that a prior state conviction constitutes a drug trafficking offense de novo.”[4]
DISCUSSION
On appeal, Martinez-Lugo renews his argument that his prior conviction under Ga.Code Ann. § 16 — IS—30(j)(l) (2002) does not constitute a “drug trafficking offense” for purposes of applying the sentence enhancement of § 2L1.2(b)(l)(A)(i). Martinez-Lugo points to the Supreme Court’s emphasis in Moncrieffe that “trafficking” generally requires remuneration,[5] and he argues that the Georgia statute is overbroad because it also criminalizes possession with intent to distribute for no remuneration.[6] On the other hand, the Application Note to § 2L1.2(b)(l)(A)(i) defines as a “drug trafficking offense” precisely the type of conviction at issue here.
Section 2L1.2(b)(l)(A)(i) provides:
(b) Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after—
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; ... increase by 16 levels if the conviction receives criminal history points under Chapter Four.... [7]
*202 Application Note to § 2L1.2(b)(l)(A)(i) provides:
“Drug trafficking offense” means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[8]
The Georgia statute under which Martinez-Lugo was convicted provides:
(j) (1) It is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.[9]
The fact that Martinez-Lugo’s Georgia conviction has the same label— “possession with intent to distribute” — as an enumerated offense listed in the Guidelines definition of “drug trafficking offense” does not automatically warrant application of the enhancement.[10] Instead, we assume that an enumerated offense refers to the “generic, contemporary meaning” of that offense.[11] The familiar categorical approach then requires us to ensure that the elements of that generic enumerated offense are congruent with the elements of the defendant’s prior offense.[12] In determining the generic, contemporary meaning of an enumerated offense, we consult sources such as state and federal statutes, the Model Penal Code, respected treatises, and dictionaries.[13]
The proper standard of comparison in this categorical inquiry is the elements of the enumerated offense of “possession with intent to distribute,” not the general meaning of the Guidelines term “drug trafficking.” [14] That is because the Guidelines definition reflects a determination that certain enumerated offenses — such as possession with intent to distribute — qualify for *203 the “drug trafficking offense” enhancement so long as the offenses are consistent with the generic, contemporary meaning of the enumerated offense that the Commission was contemplating when it adopted the definition.[15]
Martinez-Lugo never argues that the elements of Georgia’s possession with intent to distribute offense differ from the elements of the generic, contemporary “possession with intent to distribute” offense.[16] Instead, he argues that Moncrieffe v. Holder controls because of its general statement, in the context of discussing the “aggravated felony” provision of the Immigration and Nationality Act (INA), that “[sjharing a small amount of marijuana for no remuneration, let alone possession with intent to do so, does not fit easily into the everyday understand of trafficking.”[17] Before responding more fully to this argument, we note that on the required categorical comparison between the elements of Georgia’s possession with intent to distribute and those of the generic offense, Moncrieffe seems to support the district court’s application of the enhancement. In comparing the Georgia offense with the federal possession with intent to distribute statute,[18] Moncrieffe recognized that the elements are the same.[19] Thus, Georgia’s statute “necessarily proscribed] conduct that is an offense under the [Controlled Substances Act].”[20]
If it recognized that Georgia’s possession with intent to distribute statute has the same elements as its federal counterpart, why did Moncrieffe nonetheless find that a conviction under the Georgia statute did not require mandatory deportation? The answer lies in Moncrieffe’s focus on the “aggravated felony” provision of the *204 INA. That statute looks to whether the state offense would constitute a felony under the federal drug laws.[21] The Court held that the Georgia conviction did not fulfill that felony requirement because “distributing a small amount of marihuana for no remuneration” is a misdemeanor under federal law.[22] Further demonstrating this limited context in Monmejfe, the two cases it cites in the passage upon which Martinez-Lugo relies are ones interpreting the “aggravated felony” provision of the INA.[23]
We nonetheless recognize the difficulty of this issue and the attraction of Martinez-Lugo’s argument in light of the Supreme Court’s statement that “[sjharing a small amount of marijuana for no remuneration, let alone possession with intent to do so, does not fit easily into the everyday understanding of ‘trafficking,’ which ordinarily means some sort of commercial dealing.”[24] We conclude, however, that Moncriejfe does not control this case given that its holding rested on the specific requirement of the INA’s aggravated felony provision requiring that the state offense would constitute a felony under the federal drug laws. In defining the Guidelines enhancement at issue here, the Sentencing Commission did not impose that requirement. Instead it required that the state offense match an enumerated offense such as “possession with the intent to distribute.” The Guidelines took a different approach than the INA does in trying to assess the seriousness of the state offense. Section 2L1.2 applies a 16-point enhancement for a prior felony that is a “drug trafficking offense” for which the sentence imposed exceeded 13 months, a 12-point enhancement for a prior felony that is a “drug trafficking offense” for which the sentence imposed was 13 months or less, an 8-point enhancement for an aggravated felony regardless of the sentence imposed, and a 4-point enhancement for any other felony.[25] The focus is thus both on the length of the sentence and whether the conviction was a felony under state law.
As the dissent notes, the Guidelines ■commentary defines the 8-point “aggravated felony” enhancement to incorporate the INA’s definition of aggravated felony at issue in Moncriejfe. The dissent then contends that it is anomalous to impose the greater 16-point enhancement for a Georgia conviction when it would not qualify for the lesser 8-point enhancement under Moncriejfe. This analysis misses a few points. First, inclusion of a separate “aggravated felony” enhancement in Section 2L1.2 arguably supports our view that the INA-focused Moncriejfe analysis does not control the distinct “drug trafficking” en *205 haneement.[26] Second, the existence of a drug trafficking offense is not enough to result in the 16-point enhancement; the offense must have been serious enough to have actually resulted in a sentence of greater than 13 months. Third, the INA’s aggravated felony provision sweeps in twenty categories of crimes — including receipt of stolen property, failure to appear, and gambling and prostitution offenses[27]— that the Sentencing Commission may have wanted to treat as less serious than drug trafficking offenses. Whether that determination is the best policy decision or not, it is one to which we owe deference.[28] And of course, with the Guidelines now being advisory, sentencing courts have discretion to account for mitigating factors, including the actual conduct involved in prior offenses, in determining a sentence that is “sufficient, but not greater than necessary,” to reflect the statutory sentencing factors.[29]
CONCLUSION
For these reasons, we decline to extend Moncrieffe to the different scheme embodied in the Guidelines absent clear direction to do so. Under the plain language of § 2L1.2(b)(l)(A)(i) and its Application Note, a “drug trafficking offense” includes the offense of “possession with intent to distribute.” Under a straightforward application of the categorical approach, the Georgia offense under which MartinezLugo was convicted has the same elements as the generic possession with intent to distribute offense.
We therefore AFFIRM the sentence.

. United States v. Perez-Melgarejo, 552 Fed.Appx. 327, 328 (5th Cir.2014); see also United States v. Gomez-Martinez, 566 Fed.Appx. 308 (5th Cir.2014), and United States v. Cortes-Tolentino, 577 Fed.Appx. 388 (5th Cir.2014).

. Perez-Melgarejo, 552 Fed.Appx. at 328.

. United States v. Baker, 742 F.3d 618, 620 (5th Cir.2014) (citing United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008)).

. United States v. Lopez-Salas, 513 F.3d 174, 178 (5th Cir.2008) (citing United States v. Gutierrez-Ramirez, 405 F.3d 352, 355-56 (5th Cir.2005)).

. See Moncrieffe, 133 S.Ct. at 1693.

. As the Supreme Court recognized in Moncrieffe when analyzing the same Georgia statute, “we know that Georgia prosecutes this offense when a defendant possesses only a small amount of marijuana ... and that ‘distribution’ does not require remuneration, see, e.g., Hadden v. State, 181 Ga.App. 628, 628-629, 353 S.E.2d 532, 533-534 (1987)." Id. at 1686.

. U.S.S.G. § 2L1.2(b)(l)(A)(i).

. U.S.S.G. § 2L1.2(b)(l)(A)(i), Application Note § l(B)(iv) (emphasis added).

. Ga.Code Ann. § 16 — 13—30(j)(l) (2002) (emphasis added). The parties concede that the charging document in the Georgia case narrowed Martinez-Lugo’s conviction to the "possession with intent to deliver” offense of this divisible statute.

. See United States v. Sanchez-Sanchez, 779 F.3d 300, 304 n. 9 (5th Cir.2015) ("State-law labels do not control this inquiry!)]”) (quoting United States v. Ramirez, 557 F.3d 200, 205 (5th Cir.2009)); United States v. Ellis-Garcia, 357 Fed.Appx. 569, 570 (5th Cir.2009) (explaining that "even if a prior offense is designated as ‘robbery’ in a state penal code, it may not qualify as a robbery” as that term is used in the Guidelines).

. United States v. Dominguez-Ochoa, 386 F.3d 639, 643 (5th Cir.2004) (quoting Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)).

. See United States v. Rodriguez, 711 F.3d 541, 557-58 (5th Cir.2013) (en banc) (clarifying the categorical inquiry as it applies to non-common law offenses enumerated in the Guidelines).

. Taylor, 495 U.S. at 590, 110 S.Ct. 2143; United States v. Reyes-Mendoza, 665 F.3d 165, 166-67 (5th Cir.2011); Dominguez-Ochoa, 386 F.3d at 644-46.

. See, e.g., Reyes-Mendoza, 665 F.3d at 167 (focusing on whether the state court "manufacturing” offense fit within the generic, contemporary meaning of "manufacturing” offense that was enumerated in definition of “drug trafficking” offense); see also Rodriguez, 711 F.3d at 557-58 (comparing state "sexual assault of a child” offense with generic offense of "sexual abuse of a minor” that is enumerated offense for "crime of violence” enhancement”); United States v. Moreno-Florean, 542 F.3d 445, 456 (5th Cir.2008) (considering whether California "kidnapping” statute is broader than enumerated "kidnapping” offense listed in definition of "crime of violence”).

. See United States v. Gonzales, 484 F.3d 712, 716 (5th Cir.2007) (noting that courts should not look to the generic, contemporary meaning of "drug trafficking offense” because the section 2L1.2 commentary defines that term by listing enumerated offenses).

. Cf. United States v. Rodriguez-Negrete, 772 F.3d 221, 228 (5th Cir.2014) (finding that sentencing sheet stating that defendant pleaded guilty to "PWID/Dist. Of Cocaine/LSD/other Narcotic drugs in Sch. 1(b) & (c)/Sched. II, 1st offense” satisfied "drug trafficking offense” enhancement under plain language of Sentencing Guidelines and noting defendant did not argue otherwise).

. Moncrieffe, 133 S.Ct. at 1693 (some internal quotation marks and ellipsis omitted) (partially quoting Carachuri-Rosendo v. Holder, 560 U.S. 563, 566, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010)).

. The federal statute is only one source of the generic, contemporary meaning of “possession with intent to distribute.” See supra note 13 and accompanying text. The Moncrieffe court looked only to the federal Controlled Substances Act’s definition for comparison because the Court was considering whether Moncrieffe's prior conviction was an “aggravated felony” under the INA, which defines drug trafficking crimes with reference to the Controlled Substances Act. This is another reason why Moncrieffe is not controlling on the Guidelines question which requires a broader survey for the categorical inquiry than just a comparison with the federal statute. Notably, neither the dissent nor Martinez-Lugo, cite any other sources-such as treaties, a consensus of state laws, or the Model Penal Code-that indicate the generic meaning of possession with intent to distribute differs from the Georgia offense.

. Because Georgia's statute “makes it a crime to '... possess with intent to distribute marijuana,’ ” and there is "no question that it is a federal crime to 'possess with intent to ... distribute ... a controlled substance,’ 21 U.S.C. § 841(a)(1), one of which is marijuana, § 812(c),” "the state and federal provisions correspond.” Moncrieffe, 133 S.Ct. at 1685. And when the government argued that the " 'elements’ of Moncrieffe's Georgia offense are the same as those of the CSA offense: (1) possession (2) of marijuana (a controlled substance), (3) with intent to distribute it,” the Court did not disagree with that premise. Id.

. Id. at 1685.

. Id. at 1686, 1683 (citing 8 U.S.C. § 1101(a)(43)(B), which, incorporates the definition of drug trafficking crime defined in 18 U.S.C. § 924(c)).

. Id. at 1688; see supra note 6.

. See Carachuri-Rosendo, 560 U.S. at 570, 130 S.Ct. 2577 ("[F]or a state conviction to qualify as an 'aggravated felony' under the INA, it is necessary for the underlying conduct to be punishable as a federal felony.”); Lopez v. Gonzales, 549 U.S. 47, 60, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (holding that because there "is no reason to think Congress meant to allow the States to supplant its own classifications when it specifically constructed its immigration law to turn on them[J ... a state offense constitutes a 'felony punishable under the Controlled Substances Act’ only if it proscribes conduct punishable as a felony under that federal law”).

. Moncrieffe, 133 S.Ct. at 1693 (some internal quotation marks and ellipsis omitted) (partially quoting Carachuri-Rosendo v. Holder, 560 U.S. 563, 566, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010)).

. U.S.S.G. § 2L1.2(b)(l)(A)-(D).

. See Sosa v. Alvarez-Machain, 542 U.S. 692, 711 n. 9, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (explaining that when a drafter "uses certain language in one part of [a legal provision] and different language in another, the court assumes different meanings were intended”).

. 8 U.S.C. § 1101(a)(43)(G), (J), (K), (Q), (T).

. See Stinson v. United States, 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (“The Commission, after all, drafts the guidelines as well as the commentary interpreting them, so we can presume that the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the Guidelines should be applied to be consistent with the Guidelines Manual as a whole as well as the authorizing statute.”).

.18 U.S.C. § 3553(a).