# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BENJAMIN RODRIGUEZ-RODRIGUEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-880

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Benjamin Rodriguez-Rodriguez challenges the sentence imposed following his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. 1326. He claims the district court erroneously imposed a 16-level enhancement, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A), based on his 2001 Texas conviction for possession of a controlled substance, with intent to deliver.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40701

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Rodriguez first contends that, because his state conviction could have been obtained under Texas law by administration of a controlled substance, it does not constitute a drug trafficking offense for purposes of the enhancement. As he concedes, this claim is foreclosed by *United States v. Teran-Salas,* 767 F.3d 453, 458-62 (5th Cir. 2014).

He additionally claims, for the first time on appeal, that the court plainly erred by applying the enhancement because, under Texas law, delivery of a controlled substance does not require proof of commercial activity or remuneration, and, thus, does not fall within the ordinary meaning of a drug trafficking offense. This claim is foreclosed by *United States v. Martinez-Lugo*, 782 F.3d 198, 205 (5th Cir. 2015).

AFFIRMED.