# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41383
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL TORRES-SALAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-379-1

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Joel Torres-Salas raises an argument that is foreclosed by *United States v. Teran-Salas*, 767 F.3d 453, 458-62 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015). In *Teran-Salas*, we determined that the appellant was not entitled to relief based merely on the existence of a theoretical possibility that the defendant could be convicted under Texas Health & Safety Code § 481.112(a) for conduct that would not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualify as a federal drug trafficking offense. *See Teran-Salas*, 767 F.3d at 458. Torres-Salas has not demonstrated "a realistic probability that Texas would prosecute under an 'administering' theory in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines." *Id.* at 461-62.

Torres-Salas also raises an argument that is foreclosed by our holding in *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015), that an enhancement under § 2L1.2(b)(1)(A)(i) for a prior conviction of a drug trafficking offense is warranted regardless whether a conviction for the prior offense required proof of remuneration or commercial activity.

Accordingly, the Government's unopposed motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.