# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

No. 14-40807
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LOPEZ-MERINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-287

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jorge Lopez-Merino appeals the 24-month prison term imposed following his guilty plea to being found in the United States after a previous deportation. He contends that the district court erroneously applied the 16-level enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 2001 New Jersey conviction for possession of cocaine with intent to distribute near school property. Relying on the Supreme Court's decision in *Moncrieffe v. Holder*, 133

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 1678 (2013), as well as on this court's decisions, Lopez-Merino argues that the New Jersey statutory provisions under which he was convicted are broader than the definition of "drug trafficking offense" set forth in the commentary to Section 2L1.2 because they criminalize the distribution of cocaine without remuneration.  His statute of conviction criminalizes "possess[ing] . . . with intent to . . . distribute . . . a controlled dangerous substance . . . ."  N.J. STAT. ANN. § 2C:35-5a.(1) (West 2000).  There is some authority that the term "distribute" in the New Jersey statute simply means "to deliver" and "does not require a commercial sale."  *See State v. Heitzman*, 508 A.2d 1161, 1163 (N.J. Super. Ct. App. Div. 1986).

Because Lopez-Merino did not object to the enhancement in the district court, this court's review is for plain error.  *See United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008).  To prevail, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *See id.* (citation and quotation marks omitted).

We recently determined that using the Section 2L1.2(b)(1)(A)(i) enhancement for a prior drug trafficking conviction is warranted even if, as here, a conviction for the prior offense required proof of remuneration or commercial activity.  *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015).  Consequently, Lopez-Merino fails to establish that the district court clearly or obviously erred in enhancing his offense level.

AFFIRMED.