# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NOE ZEPEDA-RANGEL,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-70-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Noe Zepeda-Rangel appeals the 32-month imprisonment imposed on his guilty-plea conviction of being found unlawfully present in the United States following deportation. He contends that the district court erroneously applied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40629

the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his state conviction of trafficking heroin. Relying on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), he claims that the statute under which he was convicted encompasses conduct that is broader than the definition of a "drug trafficking offense" within the meaning of § 2L1.2 because it criminalizes the distribution or transportation of heroin without remuneration.

Because Zepeda-Rangel objected to the enhancement, we review *de novo* the legal question whether the conviction qualifies as a drug-trafficking offense under § 2L1.2. *See United States v. Teran-Salas*, 767 F.3d 453, 457 (5th Cir. 2014), *cert. denied,* 135 S. Ct. 1892 (2015). An enhancement under § 2L1.2(b)(1)(A)(i) for a drug-trafficking conviction is warranted regardless of whether it required proof of remuneration or commercial dealing. *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015). In view of *Martinez-Lugo*, Zepeda has failed to show that the district court erred in enhancing his offense level.

AFFIRMED.