# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO SARABIA-BALTAZAR, also known as Jose Noel Mercado,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-761-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Julio Sarabia-Baltazar challenges his 57-month sentence of imprisonment, imposed following his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends the district court erroneously applied a 16-level enhancement pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(i), based on his 2010 Oklahoma-state convictions for: conspiracy to possess, with intent to distribute, cocaine; and possession, with

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

intent to distribute, cocaine.    Sarabia asserts the Oklahoma statutory provisions under which he was convicted are broader than the generic contemporary definition of "drug trafficking offense" in the commentary to Guideline § 2L1.2 because they criminalize the distribution of cocaine without remuneration.    U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) ("'Drug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.").

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Sarabia concedes, because he did not object in district court to the Guideline § 2L1.2(b)(1)(A)(i) enhancement, review is only for plain error.  *E.g., United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).   To demonstrate plain error, Sarabia must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

No. 13-41068

Sarabia fails to show the requisite clear or obvious error. The enhancement under Guideline § 2L1.2(b)(1)(A)(i) for Sarabia's prior conviction for a drug-trafficking offense is warranted, regardless of whether the conviction under Oklahoma law required proof of remuneration or commercial activity. *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015).

AFFIRMED.