# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL DE LA CRUZ-GUTIERREZ, also known as Victor Taveras, also known as Jose Manuel Taveras De La Cruz-Gutierrez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1247-1

Before DAVIS, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Manuel De La Cruz-Gutierrez (De La Cruz) appeals the 46-month sentence of imprisonment imposed following his guilty plea to being an alien illegally present in the United States following deportation. 8 U.S.C. § 1326(a) and (b). He contends that the district court erroneously applied a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pennsylvania conviction of manufacturing, delivering, or possessing with the intent to manufacture or deliver cocaine.

De La Cruz first argues that the Pennsylvania statutory provision under which he was convicted does not constitute a "drug trafficking offense" under § 2L1.2 because it criminalizes the distribution of cocaine without remuneration. We recently rejected the same argument in *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015).

De La Cruz also argues that Pennsylvania delivery does not qualify as a § 2L1.2 drug trafficking offense because a conviction under the state statute could rest upon administering a narcotic, an act not included in the Guidelines offense. In *United States v. Teran-Salas*, 767 F.3d 453, 460 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015), we required "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." De La Cruz argues only that the available state documents do not preclude the possibility that his conviction was for administering or possessing with the intent to administer. He presents no situation in a case or his own case in which Pennsylvania courts have construed the Pennsylvania statute in such a way. As in *Teran-Salas*, this theoretical possibility is insufficient to show error in the application of the § 2L1.2(b)(1)(A)(i) enhancement. *See Teran-Salas*, 767 F.3d at 460.

AFFIRMED.