**REVISED JULY 17, 2015**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BALTAZAR ALEJANDRO LARA-LORENZO, also known as Alejandro Lara-Baltaza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1096-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Baltazar Alejandro Lara-Lorenzo (Lara) appeals the sentence imposed following his guilty plea conviction of illegal reentry. He challenges the district court's application of the 16-level adjustment set forth in U.S.S.G. § 2L1.2(b)(1)(A)(i). For the first time on appeal, he argues that his 2012 federal drug conspiracy conviction does not constitute a "drug trafficking offense" for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of § 2L1.2(b)(1)(A)(i) because the conviction could be obtained without proof of remuneration.  He also argues that the conviction does not constitute a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i) because the conviction could be obtained without proof of an overt act in furtherance of the conspiracy.  He concedes that this argument is foreclosed by circuit precedent, but he raises the argument to preserve it for further review.

As Lara concedes, his first argument is subject to plain error review because he did not object to the 16-level adjustment on that basis in the district court.  *See United States v. Krout*, 66 F.3d 1420, 1434 (5th Cir. 1995).  To demonstrate plain error, Lara must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

We have determined that an adjustment under § 2L1.2(b)(1)(A)(i) for a prior conviction for a drug trafficking offense is warranted regardless whether a conviction for the prior offense required proof of remuneration or commercial activity.  *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015).  In view of *Martinez-Lugo*, Lara fails to establish that the district court clearly or obviously erred in adjusting his offense level.

Lara is correct that his second argument is foreclosed by *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-54 (5th Cir. 2012), which held that a federal conviction for conspiracy to commit a federal drug trafficking offense qualifies for the § 2L1.2(b)(1)(A)(i) adjustment.  One panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision.  *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

AFFIRMED.