# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2015

Lyle W. Cayce
Clerk

No. 13-40829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ALVARADO-ARANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1878-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Alvarado-Aranda (Alvarado) appeals the 51-month sentence imposed after he pleaded guilty to illegally reentering the United States after deportation. He contends that the district court erroneously applied a 12-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 1995 Illinois conviction for possession of cannabis with intent to deliver. Relying mainly on the Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40829

Alvarado argues that the Illinois statutory provisions under which he was convicted are broader than the definition of "drug trafficking offense" set forth in the commentary to § 2L1.2 because they criminalize the distribution of illegal drugs without remuneration.

As Alvarado concedes, this court's review is for plain error because he did not object to the enhancement in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, Alvarado must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We recently rejected the argument that a conviction for giving or offering to give away a controlled substance for no remuneration does not constitute a felony drug trafficking offense for purposes of the § 2L1.2(b)(1)(A)(i) enhancement. *United States v. Martinez-Lugo*, 782 F.3d 198, 201, 205 (5th Cir. 2015). In view of *Martinez-Lugo*, Alvarado fails to show that the district court committed a clear or obvious error by enhancing his offense level. The judgment is AFFIRMED.