# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

LUIS ALBERTO SEPULVEDA-URIBE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1398

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Luis Alberto Sepulveda-Uribe appeals the sentence imposed on his conviction of being found unlawfully present in the United States following deportation. First, he claims that the district court plainly erred in determining that his Massachusetts drug-distribution conviction warranted a 16-level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40091

enhancement under to U.S.S.G. § 2L1.2(b)(1)(A)(i). He contends that the statute under which he was convicted defines distribution to include a transfer of a controlled substance to another without receiving remuneration and thus does not satisfy the guideline's definition of a drug-trafficking offense.

In *United States v. Martinez-Lugo,* 782 F.3d 198, 204-05 (5th Cir. 2015), *petition for cert. filed* (June 19, 2015) (No. 14-10355), this court held that an enhancement under § 2L1.2(b)(1)(A)(i) for a drug-trafficking offense, as that term is defined in the commentary to that guideline, is warranted regardless of whether the conviction for that offense required proof of remuneration or commercial activity. Thus, Sepulveda-Uribe has not shown that the district court committed "clear or obvious" error in imposing the enhancement based on his cocaine-distribution conviction. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Second, Sepulveda-Uribe maintains that the district court reversibly erred by changing the allocation of the criminal-history points from his cocaine-trafficking offense to his drug-distribution offense. He contends that there is no caselaw from this court as to the proper application of U.S.S.G. § 4A1.2(a)(2) where concurrent sentences are imposed with identical terms of imprisonment and that the district court recognized that the guideline was silent as to the proper method for assigning points under those circumstances. In light of the alleged ambiguity in the guideline, Sepulveda-Uribe urges that the rule of lenity should be applied to yield the lesser sentence.

Because Sepulveda-Uribe preserved the issue for appeal, we review the district court's application of the guidelines *de novo* and its factual findings for clear error. *United States v. Teran-Salas*, 767 F.3d 453, 457 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015). A prior drug-trafficking conviction qualifies for a 16-level enhancement under § 2L1.2 only if the conviction received

2

No. 14-40091

criminal-history points. § 2L1.2(b)(1)(A). Prior sentences that were imposed on the same day are treated as a single sentence. § 4A1.2(a)(2)(B). Section 4A1.2(a)(2) instructs that, in applying U.S.S.G. § 4A1.1 to prior sentences that are treated as a single sentence, the criminal-history points should be applied to "the longest sentence of imprisonment if concurrent sentences were imposed." § 4A1.2(a)(2). But the guideline provides no specific instruction as to the assessment of points if the concurrent sentences were identical.

The rule of lenity requires an ambiguous guideline to be interpreted in favor of a defendant only if, after consideration of the provision's "text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014) (internal quotation marks and citation omitted); *see also United States v. Bustillos-Pena*, 612 F.3d 863, 868-69 (5th Cir. 2010). Although we have not interpreted § 4A1.2(a)(2) in this context, the language of the guideline does not present a grievous ambiguity. Based on the directive to use the longer sentence, it can be inferred that where the concurrent sentences are identical, the court should assign the points to the prior sentence that will result in the greater sentence. The district court's remarks made before reallocating the criminal history points imply that it did just that. In light of the guideline's clear directive to apply criminal-history points to "the longest sentence of imprisonment if concurrent sentences were imposed," the court did not commit error in reassigning the criminal-history points to the qualified drug-trafficking offense. *See* § 4A1.2(a)(2).

AFFIRMED.