# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 29, 2015

Lyle W. Cayce
Clerk

No. 14-10077
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ARMENDARIZ SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-7-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Roberto Armendariz Sandoval (Armendariz) appeals the 45-month term of imprisonment imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation. He argues that the waiver-of-appeal provision in his sentencing agreement with the Government is not enforceable because the Government refused to move for a third-level reduction for acceptance of responsibility unless Armendariz

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10077

waived his right to appeal. The Government seeks to enforce the waiver provision. We pretermit a determination of the enforceability of the waiver provision. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

For the first time on appeal, Armendariz contends that the district court committed reversible plain error by imposing the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his prior Oklahoma felony conviction for possession with intent to distribute marijuana. He asserts that the statute encompasses an offense involving sharing or delivering the drugs with or without remuneration, which does not constitute a "drug trafficking offense" within the meaning of the Guideline.

As Armendariz concedes, this argument is foreclosed by our recent holding in *United States v. Martinez-Lugo,* 782 F.3d 198, 204-05 (5th Cir. 2015). However, he wishes to preserve the argument for further possible review. Accordingly, Almendariz has shown no clear or obvious error with regard to his sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.