# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40763
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OMAR RIVERA-DIAZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-156-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Omar Rivera-Diaz challenges his sentence of, *inter alia*, 46 months' imprisonment, imposed following his guilty-plea conviction for being found in the United States after being removed, in violation of 8 U.S.C. § 1326. He claims the district court erroneously enhanced his offense level by 16, pursuant to advisory Sentencing Guideline § 2L1.2(b)(1)(A)(i) (pre-deportation conviction for certain drug-trafficking offenses). In that regard, he presents

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-40763

two bases for maintaining the court improperly ruled Rivera's 2010 Texas conviction for possession, with intent to deliver, a controlled substance constituted a "drug trafficking offense" under that Guideline. For the reasons that follow, each of the two bases is foreclosed.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed de novo; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Rivera concedes his first basis, that his Texas offense encompasses a broader range of conduct than Guideline § 2L1.2 contemplates, is foreclosed by *United States v. Teran-Salas*, in which our court held the Texas offense of possession, with intent to deliver, cocaine was a drug-trafficking offense under Guideline § 2L1.2 and an aggravated felony under 8 U.S.C. § 1326(b). 767 F.3d 453, 461 (5th Cir. 2014), *cert. denied* 135 S. Ct. 1892 (2015). He presents this issue only to preserve it for possible further review.

For his second basis, Rivera maintains his prior Texas crime was not a "drug trafficking offense" because Texas law does not require proof of remuneration or commercial activity in order to obtain a conviction for possession, with intent to deliver, a controlled substance. Recently, however, in *United States v. Martinez-Lugo*, our court held an enhancement under Guideline § 2L1.2(b)(1)(A)(i) for a prior conviction of a drug-trafficking offense is warranted regardless of whether the conviction for the prior offense required

2

No. 14-40763

remuneration.  782 F.3d 198, 204-05 (5th Cir.), *petition for cert. filed* (19 June 2015) (No. 14-10355).

AFFIRMED.