UNITED STATES of America, Plaintiff–Appellee

v.

Humberto Yecid Castro GOMEZ, also known as Humberto Yacid Castro, also known as Humberto Castro Gomez, also known as Humberto Yacid Castro Gomez, also known as Robert Gomez, Defendant–Appellant.

No. 14–20712
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, GRAVES, and COSTA, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Humberto Yecid Castro Gomez raises an argument that is foreclosed by *United States v. Teran–Salas,* 767 F.3d 453, 458–62 (5th Cir.2014), *cert. denied,* ——

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. ——, 135 S.Ct. 1892, 191 L.Ed.2d 767 (2015). In *Teran–Salas,* we determined that the appellant was not entitled to relief based merely on the existence of a theoretical possibility that the defendant could be convicted under Texas Health & Safety Code § 481.112(a) for conduct that would not qualify as a federal drug trafficking offense. *See Teran–Salas,* 767 F.3d at 458. Castro Gomez has not demonstrated "a realistic probability that Texas would prosecute under an 'administering' theory in a way that does not also constitute either 'dispensing' or 'distributing' under the federal sentencing guidelines." *Id.* at 461–62.

Castro Gomez also raises an argument that is foreclosed by *United States v. Martinez–Lugo,* 782 F.3d 198, 204–05 (5th Cir. 2015), *petition for cert. filed* (June 19, 2015) (No. 14–10355). In *Martinez–Lugo,* 782 F.3d at 204–05, we held that an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior conviction of a drug trafficking offense is warranted regardless whether a conviction for the prior offense required proof of remuneration or commercial activity.

The motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.