# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICARDO POSAS-TORRES, also known as Ricardo Alonso Posas,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-809-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Posas-Torres pleaded guilty to being unlawfully present in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). The court applied a 16-level enhancement, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(i) ("If the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months . . .

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-41001

increase by 16 levels . . . ".).  In doing so, the court concluded Posas' prior Illinois conviction for possession of cannabis with intent to deliver, in violation of 720 Ill. Comp. Stat. 550/5(f), was a drug-trafficking offense.  Posas was sentenced to 41 months' imprisonment, below the advisory Guidelines sentencing range.

Posas contends the court erred in imposing the enhancement because there was no evidence of remuneration or consideration; therefore, his Illinois conviction could not qualify as the requisite drug-trafficking offense for § 2L1.2(b)(1)(A)(i) purposes.  Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  But, as Posas concedes, because he did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Posas must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Our court, in *United States v. Martinez-Lugo*, rejected Posas' contention that Guideline § 2L1.2(b)(1)(A)(i) requires evidence of remuneration.  *See* 782 F.3d 198, 204–05 (5th Cir. 2015), *petition for cert. filed* (19 June 2015) (No. 14-10355).  Accordingly, the required clear-or-obvious error is absent.

AFFIRMED.