# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

No. 14-50814
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO JOSE NAVARRETE-JIZCANO, also known as Jose Alfredo Navarrete-Vizcaino,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-639-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfredo Jose Navarrete-Jizcano appeals his 37-month within-guidelines sentence that was imposed following his conviction for illegal reentry after deportation. He challenges the district court's application of the 12-level enhancement set forth in U.S.S.G. § 2L1.2(b)(1)(A)(i). For the first time on appeal, he argues that his 1994 Kansas conviction for felony sale of marijuana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

does not constitute a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i) because the conviction could be obtained without proof of remuneration and without proof of a specific amount of marijuana. Citing to *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), he asserts that, because the Kansas statute did not require this evidence, the offense would not qualify as a felony under federal law.

Because he did not object on this ground in the district court, review is limited to plain error. *See United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008). The Government has moved for summary affirmance on the ground that the sole issue raised by Navarrete-Jizcano is foreclosed. In his response to the Government's motion, Navarrete-Jizcano argues for the first time that his conviction is not a drug trafficking offense for purposes of § 2L1.2 because he was convicted of sale of marijuana rather than possession with the intent to distribute marijuana and that his conviction did not require evidence that he possessed the drug.

Navarrete-Jizcano's arguments challenging the application of § 2L1.2(b)(1)(A)(i) are foreclosed by *United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015). Section 2L1.2 does not require that a drug trafficking offense qualify as a felony under federal law; rather, the focus of the Guideline is "both on the length of the sentence and whether the conviction was a felony under state law." *Martinez-Lugo,* 782 F.3d at 204.

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion to extend the time to file its brief is DENIED. The judgment of the district court is AFFIRMED.