UNITED STATES of America, Plaintiff–Appellee

v.

**Delfino GOMEZ–RANGEL, also known as Erminio Montez–Gomez, Defendant–Appellant.**

No. 15–40828

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 17, 2016.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Assistant Federal Public Defender, Evan Gray Howze, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Delfino Gomez–Rangel raises an argument that is foreclosed by *United States v. Martinez–Lugo*, 782 F.3d 198, 204–05 (5th Cir.), *cert. denied*, —— U.S. ——, 136 S.Ct. 533, 193 L.Ed.2d 426 (2015). In *Martinez–Lugo*, 782 F.3d at 204–05, we held that an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior felony conviction of a drug trafficking offense is warranted regardless whether the conviction for the prior offense required proof of remuneration or commercial activity.

He also raises an argument that is foreclosed by *United States v. Rodriguez–Escareno*, 700 F.3d 751, 753–54 (5th Cir. 2012), which held that a federal conviction for conspiracy to commit a drug trafficking offense qualifies for the § 2L1.2(b)(1)(A)(i) enhancement. The motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.