# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40953
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

FLORIBERTO GARCIA-MELENDRES, also known as Floriberto Garcia-Melendez,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-252

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

      Floriberto Garcia-Melendres pleaded guilty to being found in the United States after deportation following a felony conviction. The district court sentenced him to 41 months. He argues on appeal, as he did below, that his offense level should not be subject to a 16-level enhancement for a prior "drug trafficking offense," U.S.S.G. § 2L1.2(b)(1)(A), on the grounds that his prior

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40953

conviction did not require proof of commercial dealing or remuneration.  He acknowledges that this issue is foreclosed by the court's decision in *United States v. Martinez-Lugo*, 782 F.3d 198 (5th Cir.), *cert. denied*, 136 S. Ct. 533 (2015), and raises it only to preserve it for further review.

Garcia-Melendres also requests remand pursuant to Federal Rule of Criminal Procedure 36 so that the district court can correct the written judgment to reflect its oral recommendation to the Bureau of Prisons that Garcia-Melendres be housed in California.[1]  The government argues that we lack jurisdiction to consider this request, because whether the district court should make such a recommendation is not appealable.  *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000).  But Garcia-Melendres is not challenging a failure to make a recommendation to BOP; he is challenging the failure of the written judgment to conform to the oral pronouncement at sentencing.  We routinely remand criminal cases so the district court can exercise its authority to conform the written judgment to the oral pronouncement that controls.  *See, e..g., United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (stating that a defendant's constitutional right to be present at sentencing requires the oral pronouncement of sentence to control when it conflicts with the written sentence).  And the district court's authority for doing so, Rule 36, sweeps more broadly than judgments or orders, appealable or otherwise.  It permits correction of clerical errors "in a judgment, order, *or other part of the record.*"  FED. R. CRIM. P. 36 (emphasis added).  Consonant with this broad authority, we have remanded criminal appeals with directions to the district court to make minor corrections in the judgment, such

---

[1] At the sentencing hearing, in response to Garcia-Melendres's request, the district court orally recommended that the Bureau of Prisons house Garcia-Melendres in a facility close to his family.  Although this recommendation was reflected in the sentencing hearing transcript and in the court's minute entry, it was omitted from the written judgment.

No. 15-40953

as fixing typos, which likely would not themselves give rise to an appealable issue. *See, e.g., United States v. Hernandez*, 613 Fed. App'x 406 (5th Cir. 2015) (remanding for correction of judgment which identified offense as 21 U.S.C. § 84(a)(1) rather than 21 U.S.C. § 841(a)(1)). Finally, even were we to refuse Garcia-Melendres's request here, he could simply file a Rule 36 motion in the district court after the resolution of his appeal.

REMANDED to the district court for the limited purpose of correcting a clerical error in the written judgment, *see* FED. R. CRIM. P. 36. In all other regards, AFFIRMED.