# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 14-40229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2015

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL TORRES-RODRIGUEZ, also known as Juan Manuel Rodriguez, also known as Juan Torres-Rodriguez,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-792-1

————

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Torres-Rodriguez appeals the 46-month sentence of imprisonment imposed following his plea of guilty to illegal reentry into the United States following deportation.  He contends the district court erred by applying a 12-level enhancement pursuant to U.S.S.G. § 2L1.2 based on his

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40229

prior conviction of knowing or intentional delivery of marijuana.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.120(b)(3).

According to Torres-Rodriguez, the § 2L1.2 enhancement is inapplicable to his prior conviction because the Texas statute could be violated by the administration of marijuana, an act outside of the generic definition of a drug trafficking offense under § 2L1.2.  We review de novo this preserved objection. *United States v. Teran-Salas*, 767 F.3d 453, 457 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015).  However, Torres-Rodriguez cites no Texas cases, nor any facts in his own situation, showing that Texas courts have applied § 481.120 to administering.  Under *Teran-Salas*, 767 F.3d at 460, such a showing of a theoretical possibility, as opposed to a realistic probability, is insufficient to show error.

Torres-Rodriguez additionally contends that the § 2L1.2 enhancement is inapplicable because the Texas statute may encompass giving away a controlled substance for no remuneration, also conduct outside of the generic definition of a drug trafficking offense.  This court recently rejected the argument that an offense must require remuneration to qualify as a drug trafficking offense under § 2L1.2.  *United States v. Martinez-Lugo*, 782 F.3d 198, 201-05 (5th Cir. 2015).  Accordingly, Torres-Rodriguez's argument is foreclosed.

AFFIRMED.

2