# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40551
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOEL DAVID RAMIREZ-BERTRAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-1101-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Noel David Ramirez-Bertran pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2), and he was sentenced to 27 months of imprisonment. Ramirez-Bertran now challenges the district court's calculation of his guidelines sentencing range. He concedes that he did not object on this basis in the district court, however, and we review the issue only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40551

for plain error. *See United States v. Rodriguez-Escareno*, 700 F.3d 751, 753 (5th Cir. 2012).

The district court applied a 12-level drug-trafficking enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(B) based on Ramirez-Bertran's 2009 Virginia conviction for manufacture of a controlled substance under § 18.2-248 of the Virginia Code.  Ramirez-Bertran maintains that nothing in the record shows under which particular subsection of the Virginia statute he was convicted and that this court must therefore decide whether the least culpable conduct under the statute, *i.e.*, giving away or possessing with intent to give away a small quantity of a controlled substance for no remuneration, constitutes a drug-trafficking offense for purposes of § 2L1.2, comment. (n.1(B)(iv)).  This court recently held that an enhancement under § 2L1.2(b) for a prior drug-trafficking conviction, as that term is defined by the Sentencing Commission in § 2L1.2, comment. (n.1(B)(iv)), is warranted regardless of whether the conviction for the prior offense required proof of remuneration or commercial activity. *See United States v. Martinez-Lugo*, 782 F.3d 198, 204-05 (5th Cir. 2015), *petition for cert. filed* (June 19, 2015) (No. 14-10355). Accordingly, the district court did not commit error, plain or otherwise, in applying the § 2L1.2(b) enhancement.

AFFIRMED.