# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40810
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTEMIO PESINA-ARANO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1168-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Artemio Pesina-Arano challenges his 77-month sentence for illegal reentry following deportation. Pesina asserts that the district court: (1) impermissibly participated in plea discussions in violation of Federal Rule of Criminal Procedure 11(c)(1); (2) improperly assessed criminal history points on the basis of his 2002 Kansas state sentence for attempted aggravated burglary; and (3) improperly applied the 16-level drug trafficking offense enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 2008 Kansas convictions for selling cocaine.

As Pesina concedes, he is asserting for the first time on appeal that that the district court violated Rule 11(c)(1) by participating in plea discussions. Plain error review thus applies. *See United States v. Davila*, 133 S. Ct. 2139 (2013) (rejecting argument that improper court participation in plea discussions requires automatic vacatur of plea rather than applying harmless or plain error review).

At the docket call, the district court repeatedly emphasized his belief that Pesina would face a harsher sentence if he went to trial instead of entering a guilty plea. The following exchange is representative of the district court's comments:

> THE COURT: . . . I hope Mr. Pesina understands that by going to trial he is likely—well, not likely—he's certain to face a larger sentence than if he did not go to trial.
>
> MR. GOULD: I've tried to make that clear.
>
> THE COURT: I mean, it is a certainty.

Although they were likely well-intentioned, we are concerned that these statements reflect certainty about the outcome of the trial that could have pressured Pesina to plead guilty. *See United States v. Pena*, 720 F.3d 561, 573 (5th Cir. 2013) (explaining that regardless of the district court's objectivity, it is the defendant's perception that determines whether he felt coerced to enter a plea). But Pesina did not plead guilty. In spite of the district court's comments he still went to trial. And he raises no argument that the district court's pretrial comments led to an unfair trial. That requires him to show that the pretrial comments amounted to a predetermination of his sentence that prejudiced him. *See United States v. Crowell*, 60 F.3d 199, 205 (5th Cir. 1995) (holding that when a defendant who went to trial challenges court

participation in plea negotiations, he must establish that the participation "affected the court's impartiality in the conduct of the trial or sentencing").

Pesina cannot make that showing of an effect on his substantial rights. The district court sentenced Pesina to the low end of the Guideline range, which does not indicate impartiality or hostility. And unlike in *Crowell*, in which the district court rejected plea agreements because the statutory maximum sentences they allowed were too lenient, *id.*, the pretrial comments in this case indicate no specific consideration of Pesina's conduct or sentence prior to the sentencing hearing. The district court made only a general observation about the relative sentences of those who plead guilty versus those who are convicted at trial. Of course, the observation is also a true one as the Guidelines provide for lower sentences when a defendant has accepted responsibility. *See* U.S.S.G. § 3E1.1. Pesina thus has not shown that any district court error affected his substantial rights.

The comparison with *Crowell* reveals another reason why Pesina cannot overcome plain error review. The court participation in *Crowell* and other Rule 11(c)(1) cases came in the context of a plea negotiation. FED. R. CRIM. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions."). In contrast, there is no indication here that any plea agreement was being negotiated. Pesina thus cannot establish any obvious error arising from court involvement in a defendant's decision to plead guilty that is unconnected to any potential plea agreement. *See United States v. Reasor*, 418 F.3d 466, 478-79 (5th Cir. 2005) ("As there was no ongoing plea negotiation, Rule 11's prohibition does not apply.").

That leaves the two sentencing issues Pesina raises. This court reviews for clear error Pesina's challenge to the district court's determination that his

2002 Kansas state sentence for attempted aggravated burglary, when aggregated with his 2007 Kansas state probation revocation sentence, qualified for three criminal history points. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(k); *United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010); *United States v. Martinez-Moncivais*, 14 F.3d 1030, 1038 (5th Cir. 1994). The Kansas state sentencing documents appended to the Presentence Report (PSR) identified the imprisonment terms for each of Pesina's 2002 and 2007 sentences as 12 months. Because Pesina failed to offer any sworn testimony or other rebuttal evidence to counter the PSR's determination that his aggregated sentences exceeded 13 months, the district court was free to adopt the PSR's finding without further inquiry. *See United States v. Mir*, 919 F.2d 940, 943 (5th Cir. 1990). Pesina's appellate challenge to this factual finding as clear error cannot rely on previously available information regarding Kansas' state sentencing processes that is presented for the first time in this appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). The district court thus did not clearly err in determining Pesina's criminal history score. *See United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

Pesina concedes that his final argument—that the district court erred in applying the § 2L1.2(b)(1)(A)(i) drug trafficking enhancement because the Kansas drug offense includes not just selling drugs but giving drugs as a gift —is being raised for the first time on appeal. But the standard of review does not matter as this challenge is foreclosed by *United States v. Martinez-Lugo*, 782 F.3d 198, 204–05 (5th Cir.), *cert. denied*, 136 S. Ct. 533 (2015).

The judgment is AFFIRMED.