# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50195
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINO CABRERA-TORRES,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-860-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Lino Cabrera-Torres appeals his 41-month, within-guidelines sentence for illegal reentry. Specifically, he challenges the district court's assessment of a 16-level "drug trafficking" enhancement, under former U.S.S.G. § 2L1.2(b)(1)(A)(i), based on his prior Minnesota conviction for selling methamphetamine. *See* MINN. STAT. ANN. § 152.021(1)(2). Because Cabrera-Torres did not object to the district court's guidelines calculation, we review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

To qualify as an enhanceable prior "drug trafficking" conviction under former § 2L1.2, the statutory elements of the relevant Minnesota drug sale offense must be congruent with or narrower than those of the "generic" crime of drug trafficking, which prohibits, relevantly, "the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance." § 2L1.2, comment. (n.1(B)(iv)) (2015); *see United States v. Martinez-Lugo*, 782 F.3d 198, 203 (5th Cir. 2015).  Cabrera-Torres contends that Minnesota's drug sale statute punishes a broader swath of conduct than "generic" drug trafficking because it defines "sell" to include delivering or offering to deliver a controlled substance for no remuneration.

We have previously rejected such an argument.  *See Martinez-Lugo*, 782 F.3d at 201-05 (rejecting contention that Georgia's drug sale statute is overbroad because it criminalizes an intent to distribute drugs for no remuneration).  In the wake of *Martinez-Lugo*, we have repeatedly upheld § 2L1.2(b)(1) "drug trafficking" enhancements based on state statutes that criminalize nonremunerative drug transactions.  *See, e.g., United States v. Ramirez-Bertran*, 611 F. App'x 838, 839 (5th Cir. 2015); *United States v. Torres-Rodriguez*, 606 F. App'x 276, 277 (5th Cir. 2015); *United States v. Pesina-Arano*, 650 F. App'x 185, 187 (5th Cir. 2016).  Although these cases are unpublished, they are persuasive authority for affirming the judgment in this case.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

Given the above, Cabrera-Torres cannot show that, in applying former § 2L1.2 based on his Minnesota drug sale conviction, the district court clearly or obviously erred.  *See Puckett*, 556 U.S. at 135; *Henderson v. United States*,

No. 16-50195

586 U.S. 266, 273-77 (2013) (holding that error must be clear or obvious as of the time of appellate review).  Accordingly, the judgment of the district court is AFFIRMED.