# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40807

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JORGE ENRIQUE PONCE-FLORES,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Jorge Enrique Ponce-Flores pleaded guilty to being unlawfully present in the United States after removal following his conviction for an aggravated felony. On appeal, he contends that the district court plainly erred when it applied an enhancement based on Ponce-Flores's aggregate sentence. We AFFIRM.

## I.

Jorge Enrique Ponce-Flores pleaded guilty to being unlawfully present in the United States after removal following his conviction for an aggravated felony. Ponce-Flores was previously convicted in a California state court for: (1) possession for sale of a controlled substance, for which he was sentenced to

No. 17-40807

four years of imprisonment; (2) possession of a deadly weapon, for which he was sentenced to two years of imprisonment; and (3) transportation of a controlled substance, for which he was sentenced to one year of imprisonment. He was to serve the two-year sentence concurrently with the four-year sentence, whereas the one-year sentence would run consecutively to the four-year sentence. Each of the three sentences was imposed on the same day and resulted from offenses listed in the same charging instrument.

The Probation Officer applied a 10-level enhancement under § 2L1.2(b)(2)(A) of the United States Sentencing Guidelines based on an aggregate sentence of five years. Under § 2L1.2(b)(2):

> If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained—
>> **(A)** a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more, increase by 10 levels . . . .

Section 2L1.2(b)(2) instructs that the greatest applicable enhancement shall apply and proceeds to list other enhancements that vary depending on the length of the sentence imposed: a two-year sentence results in an 8-level enhancement and a sentence exceeding one year and one month results in a 6-level enhancement. U.S.S.G. § 2L1.2(b)(2)(B)–(C). Ponce-Flores did not object to the use of the aggregate sentence as a basis for the 10-level enhancement.

With this 10-level enhancement, Ponce-Flores's Guidelines range was 30 to 37 months' imprisonment. According to Ponce-Flores, with the eight-level enhancement he would have received absent the alleged error, his Guidelines range would have been 24 to 30 months' imprisonment. The district court imposed a sentence of 30 months' imprisonment to be followed by three years of supervised release. Ponce-Flores timely appealed.

No. 17-40807

## II.

Because Ponce-Flores did not object in the district court to the use of the aggregate sentence as a basis for the 10-level enhancement, we review for plain error. *See United States v. Carlile*, 884 F.3d 554, 556 (5th Cir. 2018). To demonstrate plain error, Ponce-Flores must show: (1) an error or defect not affirmatively waived; (2) that is "clear or obvious, rather than subject to reasonable dispute"; and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If these three conditions are met, we "should exercise [our] discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)).

## III.

Ponce-Flores argues that the district court plainly erred because "[t]he plain language of [Guideline] §§ 2L1.2(b)(2)(A–D) unambiguously refers to a sentence resulting from a single felony conviction, not an aggregate or total sentence . . . ." Ponce-Flores cites the principle from our caselaw that "any error that can be identified purely by an uncomplicated resort to the language of the guidelines is plain." *United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017). In addition, Ponce-Flores invokes the negative-implication canon, *expressio unius est exclusio alterius* (hereinafter, *expressio unius*), to contend that because § 2L1.2's commentary cross-references § 4A1.2(b) but not § 4A1.2(a)(2)'s sentence-aggregation rule, the sentence-aggregation rule must not apply. Thus, Ponce-Flores argues that the district court should have applied an eight-level enhancement because Ponce-Flores's longest sentence resulting from a single conviction was more than two years but fewer than five years.

No. 17-40807

In response, the government argues that § 4A1.2's sentence-aggregation rule applies to § 2L1.2(b)(2)(A) such that the 10-level enhancement was proper. To support this argument, the government contends that the Guidelines "are to be read as a whole," citing Guideline § 1B1.11, Background (indicating that the Guidelines should be "applied as a 'cohesive and integrated whole' rather than in a piecemeal fashion" (quoting *United States v. Stephenson*, 921 F.2d 438, 441 (2d Cir. 1990))). According to the government, nothing in § 2L1.2's commentary precludes applying § 4A1.2's sentence-aggregation rule to § 2L1.2(b)(2), and Ponce-Flores misapplies the *expressio unius* canon in arguing otherwise. Moreover, the government emphasizes that the Fourth Circuit in *United States v. Martinez-Varela*, 531 F.3d 298 (4th Cir. 2008), has applied § 4A1.2's sentence-aggregation rule to § 2L1.2. In light of these arguments, the government contends that even if Ponce-Flores could show that the district court erred, such error would not be plain.

As the parties' arguments make clear, the key debate is whether the sentence-aggregation rule from Guideline § 4A1.2(a)(2) applies to Guideline § 2L1.2(b)(2)(A) such that the 10-level enhancement for a prior sentence of five years or more was appropriate. In § 2L1.2, "sentence imposed" is accorded "the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2." U.S.S.G. § 2L1.2 cmt. n.2. Section 4A1.2(b)(1) defines "sentence of imprisonment" as "a sentence of incarceration [that] refers to the maximum sentence imposed." Application Note 2 of § 4A1.2 explains that a defendant "must have actually served a period of imprisonment on such sentence" for it to qualify as a "sentence of imprisonment" and states that "criminal history points are based on the sentence pronounced, not the length of time actually served." U.S.S.G. § 4A1.2 cmt. n.2.

Guideline § 4A1.2, entitled "Definitions and Instructions for Computing Criminal History," defines "prior sentence" as "any sentence previously

4

imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Section 4A1.2(a)(2) instructs that:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. . . . [P]rior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. . . .
>
> For purposes of applying § 4A1.1(a), (b), and (c), . . . . [i]f consecutive sentences were imposed, use the aggregate sentence of imprisonment.

Because Ponce-Flores's three prior sentences were imposed on the same day and resulted from offenses contained in the same charging instrument, his sentences would be treated as a single sentence and the consecutive sentences would be aggregated if § 4A1.2(a)(2) applies. *See* U.S.S.G. § 4A1.2(a)(2). This would result in a total sentence of five years, producing a 10-level enhancement. *See* U.S.S.G. § 2L1.2(b)(2)(A).

"We determine whether an alleged error is plain by reference to existing law at the time of appeal." *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010). "An error is not plain 'unless the error is clear under current law.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)) (determining that the district court did not plainly err where "the question remains an open one in the Fifth Circuit"); *see also United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (determining that "[b]ecause this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions on this issue," defendant could not show that the alleged error was "clear under existing law" to satisfy prong two).

Even assuming *arguendo* that the district court erred in applying the 10-level enhancement, this error would not be plain. We have not addressed whether § 4A1.2(a)(2)'s sentence-aggregation rule applies to § 2L1.2(b)(2)'s

enhancements for prior sentences in unlawful-entry cases. Moreover, the parties' briefs show that any potential error here cannot be "identified purely by an uncomplicated resort to the language of the guidelines."[1] *See Torres*, 856 F.3d at 1099. Finally, we are aware of only one sister circuit that has addressed this issue—the Fourth Circuit in *Martinez-Varela*—and that circuit has held that it was appropriate to apply § 4A1.2's sentence-aggregation rule to § 2L1.2(b).

In *Martinez-Varela*, the defendant pleaded guilty to illegal reentry after removal following his conviction for an aggravated felony. 531 F.3d at 298. The district court determined that the defendant's three prior sentences for felony drug-trafficking offenses, which were committed on the same day and "arose out of the same set of events," should be aggregated pursuant to Guideline § 4A1.2(a)(2). *Id.* at 299. This aggregation resulted in a sentencing enhancement under Guideline § 2L1.2(b). *Id.* Reviewing for an abuse of discretion, the Fourth Circuit observed that the Guidelines should "be applied as a cohesive and integrated whole rather than in a piecemeal fashion" and noted sister circuits that have recognized the interrelation between Chapter 4 and § 2L1.2. *Id.* at 299, 300–01 (quoting Guideline § 1B1.11, Background); *see, e.g.*, *United States v. Moreno-Cisneros*, 319 F.3d 456, 459 (9th Cir. 2003) ("Guideline § 4A1.2 is analogous to § 2L1.2(b)(1). . . . Section 4A1.2 is a broadly applicable section of the Guidelines."). In addition, the Fourth Circuit noted

---

[1] Ponce-Flores's argument from the *expressio unius* semantic canon does not show that the alleged error is plain. *Expressio unius* "properly applies only when . . . the thing specified[] can reasonably be thought to be an expression of *all* that shares in the grant or prohibition involved." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 107 (2012). Thus, "[v]irtually all the authorities who discuss the [*expressio unius*] canon emphasize that it must be applied with great caution, since its application depends so much on context." *Id.* As the Fourth Circuit's decision in *Martinez-Varela* shows, it is reasonably debatable whether § 2L1.2's cross-reference to § 4A1.2(b) but not to § 4A1.2(a)(2) means that the latter subsection does not apply.

that the commentary to § 4A1.1 states that §§ 4A1.1 and 4A1.2 "must be read together." 531 F.3d at 302. On the basis of these persuasive points and "the lack of any persuasive or direct precedent to the contrary," the Fourth Circuit concluded that the district court properly aggregated the defendant's sentences. *Id.*

Given the absence of binding precedent, the lack of an uncomplicated resolution based on the language of the Guidelines, and the persuasive authority from the Fourth Circuit, we cannot say that the district court committed error that was "clear or obvious, rather than subject to reasonable dispute." *See Puckett*, 556 U.S. at 135. Having concluded that Ponce-Flores has not satisfied prong two even assuming that he has satisfied prong one, we go no further. *See Bishop*, 603 F.3d at 282.

## IV.

Accordingly, we AFFIRM the district court's judgment.