# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30272

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WILLIAM LORING FERGUSON, III,

Defendant – Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-277-1

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2019

Lyle W. Cayce
Clerk

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Ferguson appeals the revocation of his probation and the revocation sentence of 60-month imprisonment. The district court relied on double hearsay to revoke Ferguson's probation but did not make a finding of good cause to pretermit Ferguson's interest in confrontation, as it was required to do. On appeal, the government concedes that this was a reversible error.

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-30272

Accordingly, we VACATE Ferguson's revocation and sentence and REMAND for a new revocation hearing.

## I.

In 2015, Ferguson pleaded guilty to sending threatening interstate communications and was sentenced to five years of probation. A year later, Ferguson was arrested for sending additional threats, and the government sought to revoke his probation. Both Ferguson and the government then moved for a competency evaluation. The evaluation determined that Ferguson was competent but that he was delusional and therefore not criminally liable for his threats. Based on this determination, the government dropped its allegation relating to the threats. At a hearing on October 11, 2017, the district court found Ferguson competent, allowed the government's revocation motion to remain open for 60 days, and permitted Ferguson to stay with his sister during this time.

Two weeks later, Ferguson was arrested for punching and strangling his sister. According to the police report, the officer responding to the scene listened to an audio recording that Ferguson's sister provided, in which the sounds of a struggle could be heard, and observed that she had red and puffy eyes, a bump on the back of her head, and a disheveled appearance. Although Ferguson's sister told the police what had happened, she later recanted her statement and declined to press charges. The government filed an amended rule to revoke on the grounds that Ferguson battered his sister and for minor violations (failures to report, make monthly payments, and notify probation about a traffic violation).

On February 21, 2018, the district court held a revocation hearing. The district court began by asking: "Before we move on, I've reviewed all the papers. . . . Is there any reason why the Court should not impose sentence at this time? . . . Why shouldn't I impose the statutory maximum, subject to some

2

No. 18-30272

mental health conditions? . . . [T]here's no doubt that he did it." Ferguson's counsel answered "That's probably the truth. . . . The event, I have to assume, obviously happened." Ferguson, however, denied that he punched or strangled his sister and contended that he only pushed her away. The district court asked Ferguson why it should trust him and whether his sister was lying. The district court then read the police report into the record. Neither Ferguson's sister nor the police officer who authored the report testified. Ferguson maintained that the allegations in the report were "a little bit of an embellishment" and that he did not strangle her. After revoking Ferguson's probation, the district court sentenced him to 60 months of imprisonment, though the Guidelines recommended three to nine months.

## II.

Because Ferguson did not object to the district court's failure to make a finding of good cause before pretermitting his interest in confrontation, we review for plain error. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016); *United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018). To prevail, Ferguson must show that: (1) there was an error; (2) the error was clear or obvious; (3) the error affected his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Ponce-Flores*, 900 F.3d at 217.

## III.

### A.

The district court made a clear error in failing to make a good-cause finding before revoking Ferguson's probation based on hearsay evidence. At a revocation hearing, a defendant has the due-process right "to refute and challenge adverse evidence to assure that the court's relevant findings are based on verified facts." *United States v. Grandlund*, 71 F.3d 507, 509–10 (5th Cir. 1995); *see also Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972) (holding

3

that "the minimum requirements of due process" include "the right to confront and cross-examine adverse witnesses"); *Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 978 (5th Cir. 1988) ("The use of hearsay . . . prevents the parolee from confronting and cross-examining the declarant, and unreliable hearsay undermines the accuracy of the fact-finding process."). Unlike the Sixth-Amendment right to confrontation at a criminal trial, however, the due-process right to confrontation at a revocation hearing is "qualified" and may be overcome by a showing of good cause. *Grandlund*, 71 F.3d at 510. Upon a showing of good cause, the government may introduce—and a court may revoke probation or supervised release based on—hearsay evidence without live testimony. *United States v. Williams*, 847 F.3d 251, 253–54 (5th Cir. 2017).

"Determining whether good cause exists requires 'weigh[ing] the defendant's interest in confrontation of a particular witness against the Government's proffered reasons for pretermitting the confrontation.'" *United States v. Jimison*, 825 F.3d 260, 263 (5th Cir. 2016) (alteration in original) (quoting *United States v. Minnitt*, 617 F.3d 327, 333 (5th Cir. 2010)). "The reliability of the hearsay is an important consideration in determining whether sufficient good cause exists to forego confrontation." *United States v. McCormick*, 54 F.3d 214, 223 (5th Cir. 1995). Accordingly, "the government may prevail in the balancing inquiry when the hearsay testimony has strong indicia of reliability." *Jimison*, 825 F.3d at 265. A district court's failure to make a finding of good cause or articulate the basis for its finding "may require reversal in most instances, but [such a failure] may be found to be harmless error where good cause exists, its basis is found in the record, and its finding is implicit in the court's rulings." *Grandlund*, 71 F.3d at 510; *accord Minnitt*, 617 F.3d at 333.

Here, the government concedes error, and there is no dispute that the district court failed to make a finding of good cause to forego confrontation even

No. 18-30272

though it revoked Ferguson's probation based on hearsay in the police report. Neither Ferguson's sister nor the police officer who authored the report testified at the hearing, and Ferguson disputed these accounts of the incident. This constituted an error that requires a reversal, and the government does not attempt to persuade us that the error was harmless by arguing that an implicit basis for good cause exists. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("As a general rule, a party waives any argument that it fails to brief on appeal."). Accordingly, we hold that the failure to find good cause was a clear error.

B.

The error substantially affected Ferguson's substantial rights. An error affects a defendant's substantial rights if the defendant can "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez*, 136 S. Ct. at 1343. Although the government had alleged other minor probation violations, the district court here exclusively relied on the battery incident in revoking Ferguson's probation. The district court noted that although Ferguson had been charged with "some minor failure to report," "[we] wouldn't be here if he had failed to report to his probation officer." Therefore, given that the police report was the only evidence supporting revocation based on the alleged battery, there exists a reasonable probability that Ferguson's probation would not have been revoked without the police report.

The error also seriously affects the fairness, integrity, and public reputation of judicial proceedings. "[U]nreliable hearsay undermines the accuracy of the fact-finding process," *Farrish*, 836 F.2d at 978, and it is important to "assure that the [district] court's relevant findings are based on verified facts," *Grandlund*, 71 F.3d at 510. Confrontation serves a crucial role in this process. While the district court can, under appropriate circumstances,

rely on hearsay evidence to revoke a person's probation, its failure to find good cause before pretermitting Ferguson's interest in confrontation seriously affects the fairness, integrity, and public reputation of the courts. Accordingly, we exercise our discretion to correct this error.

We VACATE the revocation of Ferguson's probation and the subsequent revocation sentence and REMAND for a new revocation hearing.