# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40088

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

SAUL GARCIA-SANCHEZ, also known as Enrique Bardales-Montano,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1263-1

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Saul Garcia-Sanchez appeals his 37-month sentence of imprisonment following his guilty plea conviction of illegal reentry after deportation. We affirm.

## I. Facts & Procedural History

Garcia-Sanchez is a citizen of El Salvador not authorized to live in the United States. He was apprehended by Customs and Border Protection agents in Texas in July 2017. Prior to this incident, Garcia-Sanchez had been deported

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on six different occasions between 2000 and 2017 and was also convicted of illegal reentry as a previously removed alien in July of 2007. He also has a history of committing non-immigration related crimes in the United States.

In October of 2017, Garcia-Sanchez pled guilty to one count of illegal reentry following deportation. The presentence report (PSR) assessed a four-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(3)(D) because Garcia-Sanchez was convicted of "any other felony offense (other than an illegal reentry offense)" after he was first ordered deported or removed from the United States. The enhancement was based on a prior 2011 felony conviction for second degree commercial burglary in the Superior Court of California for the County of Ventura, Case No. 2011024399. After re-classification of his three convictions from that case, the PSR provided that Garcia-Sanchez was actually convicted of two felonies: burglary (Count Two) and second degree commercial burglary (Count Three).[1] He was initially sentenced to 36 months of probation with 365 days of custody as to both felony counts but on December 6, 2012, the sentences were modified to concurrent terms of 16 months of imprisonment on each count. Then on June 12, 2013, the sentences were again amended to consecutive terms of 16 months of imprisonment on Count Two and eight months of imprisonment on Count Three, for a total of 24 months of imprisonment.

Here, because the aggregate total sentence imposed for the two prior felonies was two years or more, the probation officer reasoned that, pursuant

---

[1] As to Case No. 2011024399, the PSR provided that although Garcia-Sanchez was initially convicted of three counts of second degree commercial burglary, Counts Two and Four were reclassified as misdemeanor burglaries on March 27, 2017. Then, prior to sentencing, the probation officer issued a supplemental addendum to the PSR explaining that, upon further review, Garcia-Sanchez's burglary conviction in Count Two constituted a felony offense. Consequently, Garcia-Sanchez was convicted of two felonies in that case: (1) burglary (Count Two) and (2) second degree commercial burglary (Count Three).

No. 18-40088

to § 2L1.2(b)(3)(B), an eight-level enhancement was warranted. Garcia-Sanchez objected to the enhancement at sentencing. He argued that because the convictions were for different counts and the sentences were ordered to run consecutively, the enhancement should have been based on the greatest single sentence, *i.e.*, 16 months of imprisonment, rather than the aggregate sentence for both felonies of 24 months. The probation officer explained that because there was no intervening arrest, Garcia-Sanchez's consecutive sentences were added together and treated as a single sentence. The probation officer also noted that she had contacted the Sentencing Commission and confirmed that the eight-level enhancement applied. Garcia-Sanchez challenged the application of § 4A1.2(a)(2)'s "single sentence rule" to offense-level enhancements under § 2L1.2(b)(3), arguing that the rule was limited to the calculation of a defendant's criminal history points.

The district court overruled Garcia-Sanchez's objection. Garcia-Sanchez's total offense level of 17, combined with his criminal history category of IV, resulted in a Guidelines imprisonment range of 37 to 46 months. The district court sentenced him at the bottom of that range to 37 months of imprisonment and issued a $100 special assessment. This appeal ensued.

## II. Standard of Review

Garcia-Sanchez objected to the § 2L1.2(b)(3)(B) enhancement at sentencing so "[we] review the district court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error." *See United States v. Martinez-Lugo*, 782 F.3d 198, 201 (5th Cir. 2015) (citation omitted).

## III. Discussion

On appeal, Garcia-Sanchez argues that the district court erred in assessing the 8-level enhancement under § 2L1.2(b)(3)(B). More specifically, he contends that the district court erroneously applied the § 2L1.2(b)(3)(B)

enhancement after aggregating his prior sentences resulting from his two prior California felony convictions—16 months for Count Two plus 8 months for Count Three—rather than using the greatest single sentence imposed for his highest prior individual felony offense—16 months for Count Two. The government responds that the district court properly aggregated Garcia-Sanchez's sentences for his two prior felony convictions under the single sentence rule of U.S.S.G. § 4A1.2(a)(2), thereby warranting the 8-level enhancement.

At oral argument, the government raised the issue of the effect of Amendment 802 to § 2L1.2 of the Guidelines and Garcia-Sanchez was afforded an opportunity to respond at that time. U.S.S.G. § 2L1.2, Amend. 802 (Supplement to Appendix C (November 1, 2016)). Thereafter, in response to this court's directive, the parties submitted post-oral argument supplemental letter briefs discussing the implications of Amendment 802 to U.S.S.G. § 2L1.2. Considering the parties' responses, the applicable case law, and the record evidence, we now turn to the issue on appeal—whether the single sentence rule of § 4A1.2(a)(2) applies to offense-level enhancements under § 2L1.2(b)(3).

U.S.S.G. § 2L1.2(b)(3) provides:

> (Apply the Greatest) If, at any time after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct resulting in—
>
> (A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more, increase by 10 levels;
>
> (B) **a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more, increase by 8 levels;**

4

No. 18-40088

(C) **a conviction for a felony offense (other than an illegal reentry offense) for which <u>the sentence imposed exceeded one year and one month, increase by 6 levels;</u>**

(D) a conviction for any other felony offense (other than an illegal reentry offense), increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 2 levels.

*Id.* (emphasis added). The commentary to § 2L1.2 states that "sentence imposed" has the same meaning as "sentence of imprisonment" in Application Note 2 and subsection (b) of § 4A1.2. *See* U.S.S.G. § 2L1.2 cmt. n.2. In turn, § 4A1.2(b)(1) states that the term "sentence of imprisonment" means a sentence of incarceration and refers to the maximum sentence imposed. Application Note 2 to § 4A1.2 provides that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." We observe that Application Note 2 specifically cross-references § 4A1.2(a)(3) & (b)(1)-(2) and § 4A1.1(a),(b),(c) but does not specifically cross-reference the single sentence rule in § 4A1.2(a)(2). The single sentence rule in § 4A1.2(a)(2) provides:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence

covered by (A) or (B) as a single sentence. See also §
4A1.1(e).

**For purposes of applying § 4A1.1(a), (b), and (c),
if prior sentences are treated as a single
sentence, use the longest sentence of
imprisonment if concurrent sentences were
imposed. If consecutive sentences were
imposed, use the aggregate sentence of
imprisonment.**

*Id.* (emphasis added). The primary dispute in this appeal is whether the
district court properly applied the single sentence rule of § 4A1.2(a)(2) to
Garcia-Sanchez's prior California felony convictions resulting in an 8-level
enhancement under § 2L1.2(b)(3)(B). Garcia-Sanchez argues that the district
court should not have aggregated the two felony sentences and instead should
have used the longest of the two which would have resulted in a 6-level
enhancement under § 2L1.2(b)(3)(C). The government argues that the district
court's use of the § 4A1.2(a)(2) single sentence rule to aggregate Garcia-
Sanchez's prior felony sentences was correct, thereby warranting the 8-level
enhancement under § 2L1.2(b)(3)(B). We agree for several reasons.

There is little controlling case law in this circuit on whether the single
sentence rule in § 4A1.2(a)(2) applies to a sentencing court's application of
offense-level enhancements under § 2L1.2(b)(3) so we begin by reviewing the
cases that do speak to this issue. In *United States v. Ponce-Flores*, 900 F.3d
215, 216–17 (5th Cir. 2018), this court dealt with a factual and procedural
background similar to those set forth herein, except that the standard of review
in *Ponce-Flores* was plain-error whereas here, we are conducting a de novo
review of the district court's application of the Guidelines. *See Martinez-Lugo*,
782 F.3d at 201. In Ponce-Flores's case, his three sentences were imposed on
the same day and resulted from offenses listed in the same charging

No. 18-40088

instrument. *Id.* at 216. Ponce-Flores's two-year and four-year sentences were to be served concurrently while his one-year and four-year sentences were to be served consecutively. *Id.* The district judge aggregated the one-year and four-year consecutive sentences under § 4A1.2(a)(2)'s single sentence rule and assessed a 10-level enhancement under § 2L1.2(b)(2)(A). *Id.* at 217. The issue in *Ponce-Flores* was whether the district court plainly erred when it applied the enhancement after aggregating Ponce-Flores's prior felony sentences under § 4A1.2(a)(2)'s single sentence rule. *Id.* at 216. We concluded that the district court did not plainly err, based on "the absence of binding precedent, the lack of an uncomplicated resolution based on the language of the Guidelines, and the persuasive authority from the Fourth Circuit [in *Martinez-Varela*, 531 F.3d 298 (4th Cir. 2008)]. *Id.* at 219.

As we did in *Ponce-Flores*, we again find the Fourth Circuit's opinion in *Martinez-Varela* instructive here. In that case, the sentencing court applied a 16-level enhancement under a prior version of the Guidelines after aggregating the defendant's three prior drug trafficking sentences under the single sentence rule. *See* 531 F.3d at 298–99; U.S.S.G. §§ 4A1.2(a)(2); 2L1.2(b)(1). Reviewing for abuse of discretion, *id.* at 299, the Fourth Circuit affirmed, explaining as follows:

> **While the cross-referenced provisions do not address aggregation, § 4A1.1's Commentary states that "[t]he definitions and instructions in § 4A1.2 govern the computation of the criminal history points. Therefore, §§ 4A1.1 and 4A1.2 must be read together."** This Commentary provides us with strong evidence that these two provisions should be read together in determining [the defendant's] criminal history points. Thus, based on the instructions from the guidelines themselves, guidance from the relevant provisions in question, and the lack of any persuasive or direct precedent to the

7

contrary, we conclude that the district court properly aggregated [the defendant's] sentences.

*Id.* at 301–02 (emphasis added). The Fourth Circuit's holding appears to be supported by § 2L1.2 Application Note 2's cross-reference to § 4A1.1. To clarify, if §§ 4A1.1 and 4A1.2 must be read together, and § 2L1.2 cross-references § 4A1.1, then 4A1.2 is implicitly included in that cross-reference.[2] The result from this inclusion is that § 4A1.2(a)(2)'s single sentence rule is applicable to offense-level enhancements analyzed under § 2L1.2(b)(3). We find the Fourth Circuit's reasoning in *Martinez-Varela* persuasive. We acknowledge that Chapter Four of the Guidelines addresses criminal history rules whereas here, we are reviewing offense-level enhancements under § 2L1.2. We are not persuaded, however, that the Chapter Four criminal history rules should not guide the calculation of offense-level enhancements under § 2L1.2(b)(3).

Amendment 802 to U.S.S.G. § 2L1.2 becomes enlightening at this point. U.S.S.G. § 2L1.2, Amend. 802 (Supplement to Appendix C (November 1, 2016)). Amendment 802's section titled "Reason for Amendment," subsection "Accounting for Other Prior Convictions," states in part that:

> The Commission concluded that the length of sentence imposed by a sentencing court is a strong indicator of the court's assessment of the seriousness of the predicate offense at the time, and this approach is consistent with how criminal history is generally scored in the Chapter Four of the Guidelines Manual.
>
> . . .
>
> The Commission determined that a sentence-imposed approach is consistent with the Chapter Four criminal history rules, easily applied, and appropriately

---

[2] This conclusion is further underscored by the fact that Application Note 2 of § 2L1.2 also cross-references parts of § 4A1.2.

No. 18-40088

calibrated to account for the seriousness of prior offenses.

*Id.* at 157–58. Later, the Amendment contains a section titled "Excluding Stale Convictions" which states that:

> For all three specific offense characteristics, the amendment considers prior convictions only if the convictions receive criminal history points under the rules in Chapter Four. Counting only convictions that receive criminal history points addresses concerns that the existing guideline sometimes has provided for an unduly severe enhancement based on a single offense so old it did not receive criminal history points. **The Commission's research has found that a defendant's criminal history score is a strong indicator of recidivism risk, and it is therefore appropriate to employ the criminal history rules in this context**. See U.S. Sent. Comm'n, Recidivism Among Federal Offenders: A Comprehensive Overview (2016). **The limitation to offenses receiving criminal history points also promotes ease of application and uniformity throughout the guidelines**. See 28 U.S.C. § 994(c)(2) (directing the Commission to establish categories of offenses based on appropriate mitigating and aggravating factors); cf. USSG §2K2.1, comment. (n.10) (imposing enhancements based on a defendant's predicate convictions only if they received criminal history points).

*Id.* at 159 (emphasis added).[3] The language in these sections supports the Fourth Circuit's determination that Chapter 4's criminal history rules are properly used to guide the calculation of offense-level enhancements under § 2L1.2(b)(3). This conclusion is further bolstered by the Guidelines' own acknowledgment that they are to "be applied as a 'cohesive and integrated

---

[3] Amendment 802 also features a section titled "Application of the 'Single Sentence Rule." Unfortunately, it is not instructive as to the issue on appeal here. *Id.* at 159.

whole' rather than in a piecemeal fashion." U.S.S.G. § 1B.11, background (U.S. SENTENCING COMM'N 2004) (citing *United States v. Stephenson*, 921 F.2d 438 (2d Cir. 1990)).

For these reasons, we hold that the district court did not err in applying the single sentence rule of § 4A1.2(a)(2) to aggregate Garcia-Sanchez's prior felony convictions. Consequently, the district court's assessment of an 8-level enhancement under § 2L1.2(b)(3)(B) was warranted.

## IV. Conclusion

Garcia-Sanchez's sentence is affirmed.