# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11306
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE BRYAN GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-90-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jose Bryan Gonzalez appeals his guilty plea conviction for unlawfully receiving a firearm that has been shipped in interstate commerce while under indictment for a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. § 922(n) and punishable under 18 U.S.C. § 924(a)(1)(D). Gonzalez admitted to the factual resume, which stated that he received a Ruger pistol that had been shipped or transported in interstate commerce.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11306

He contends that his guilty plea was not supported by a sufficient factual basis because his mere receipt of a firearm that had at some point been in interstate commerce without proof that he caused or knew of the interstate movement failed to establish a violation of § 922(n) that is punishable under § 924(a)(1)(D). Gonzalez relies on *Bond v. United States*, 572 U.S. 844 (2014), and the word "willfully" in § 924(a)(1)(D). The Government moves for summary affirmance or, alternatively, for an extension of time to file a brief, asserting that Gonzalez's argument is foreclosed by *United States v. Fitzhugh*, 984 F.2d 143 (5th Cir. 1993), in which we held that "a convicted felon's possession of a firearm having a past connection to interstate commerce violates [18 U.S.C.] § 922(g)(1)." *Id*. at 146. Gonzalez concedes that his argument is effectively foreclosed but raises it to preserve the issue for further review.

Summary affirmance is not appropriate in this case because the parties cite no binding authority addressing whether *Fitzhugh* applies to § 922(n). *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010). However, we may affirm the conviction without further briefing because, as Gonzalez concedes, no binding authority presently supports his reading of § 922(n) and § 924(a)(1)(D). Moreover, we rejected such a reading of somewhat similar statutory language in *Fitzhugh* and in *United States v. Dancy*, 861 F.2d 77, 80-82 (5th Cir. 1988). *See United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007); *see also United States v. Ponce-Flores*, 900 F.3d 215, 218-19 (5th Cir. 2018). Gonzalez thus fails to show that the district court committed clear or obvious error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

The Government's motions for summary affirmance and, alternatively, for an extension of time to file a brief are DENIED. The judgment is AFFIRMED.