# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2020

Lyle W. Cayce
Clerk

No. 19-50808
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL BARRERA-VELASQUEZ, also known as Raul V. Barrera, also known as Raul Velasquez Barrera, also known as Raul Velasquez-Barrera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-284-1

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Raising three issues, Raul Barrera-Velasquez appeals the 24-month prison sentence he received following his guilty plea conviction for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). He first argues that the district court erred in failing to give notice pursuant to 21 U.S.C. § 851 that it would apply the 10-level enhancement of U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(3)(A) based on one of his prior convictions.  The notice requirements of § 851 do "not apply . . . when sentencing is conducted under the Sentencing Guidelines and the defendant receives an increased sentence, which is within a statutory range."  *United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir. 1990).  Barrera-Velasquez's 24-month sentence is less than his 10-year statutory maximum under § 1326(b)(1).  Accordingly, he has shown no error, plain or otherwise.  *See id.*; *United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018).

Barrera-Velasquez next argues that the district court erred in applying the 10-level enhancement of § 2L1.2(b)(3)(A) where he served less than a year of his five-year prison term and was released on parole.  Because the sentencing court imposed a five-year maximum prison term and Barrera-Velasquez served part of that term, the district court did not plainly err in assessing the 10-level enhancement.  *See United States v. Enrique-Ascencio*, 857 F.3d 668, 674 (5th Cir. 2017); § 2L1.2, comment (n.2); U.S.S.G. § 4A1.2(b) & comment. (n.2).

Finally, Barrera-Velasquez argues that § 2L1.2 is unconstitutional as applied in his case because there was no rational basis for the differential offense level enhancements afforded to the various types of prior sentences. He has shown no plain error given the reasons we have previously recognized for § 2L1.2's different offense level enhancements based on initial sentence length.  *See United States v. Franco-Galvan*, 864 F.3d 338, 342 (5th Cir. 2017); *see also Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 504 (5th Cir. 2006).

AFFIRMED.