# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2021

Lyle W. Cayce
Clerk

No. 20-20177
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARIO GONZALEZ DE LA CRUZ, *also known as* JOSE G. CHAN
ESTEBAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-579-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Mario Gonzalez De La Cruz pleaded guilty to illegal reentry after removal following a felony conviction, in violation of 8 U.S.C. § 1326.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20177

Ultimately, he was sentenced to 46 months of imprisonment and three years of supervised release.

On appeal, Gonzalez De La Cruz challenges only the imposition of a sentencing enhancement under U.S.S.G. § 2L1.2(b)(2)(B), which, in relevant part, provides for an eight-level increase "[i]f, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in . . . a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more[.]" The commentary explains that "a defendant shall be considered 'ordered deported or ordered removed from the United States' if the defendant was ordered deported or ordered removed from the United States based on a final order of exclusion, deportation, or removal[.]" § 2L1.2, comment. (n.1(A)). Because Gonzalez De La Cruz objected to the enhancement, we "review the district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error." *United States v. Garcia-Sanchez*, 916 F.3d 522, 524 (5th Cir. 2019) (internal quotation marks and citation omitted) (reviewing a § 2L1.2(b)(3)(B) enhancement). We "will find clear error only if a review of the record results in a definite and firm conviction that a mistake has been committed." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (internal quotation marks and citation omitted).

The presentence report (PSR) based the enhancement on Gonzalez De La Cruz's 2004 felony conviction and a 2005 order of removal. However, he argues that the 2005 removal order was not his first order of deportation or removal; he relies on a January 2000 "Record of Deportable Alien" that has the handwritten note of "Prior Deport." However, the same exhibits provided also show that the disposition of his removable entry was a "VR," meaning "voluntary return," which is not an order. As the district court found, the documents submitted by Gonzalez De La Cruz showed voluntary

No. 20-20177

returns to Mexico. Further, the PSR Addendum states that the probation officer confirmed with an immigration agent that Gonzalez De La Cruz was not subject to a formal order of removal until July 2005. Gonzalez De La Cruz did nothing to rebut that finding, such as offering an order deporting or removing him or even testifying to any such proceeding preceding 2005. Thus, it is plausible that his first order was in 2005, not before. For these reasons, we are not left with a definite and firm conviction that a mistake has been committed, *see Zuniga*, 720 F.3d at 590, and we conclude that the district court did not clearly err in determining that the enhancement applied, *see Garcia-Sanchez*, 916 F.3d at 524.

AFFIRMED.