# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10755
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Douglas Arcia-Hernandez,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-309-1

————————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Douglas Arcia-Hernandez pleaded guilty to illegally reentering the United States after being removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced within the guidelines range to 37 months of imprisonment and three years of supervised release, to run consecutively to any revocation sentence imposed in an unrelated case. On appeal, he

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contends that the district court erred in calculating his offense level because his Texas conviction for possessing methamphetamine should not count as a felony conviction.

A plain reading of the guideline provision and its definition of felony supports application of the enhancement. *See* U.S.S.G. § 2L1.2(b)(3)(D) & comment. (n.2). Moreover, we have held previously that an identical definition of felony concerned "the terms of the criminal statute," regardless of whether the state court exercised its discretion to impose a sentence pursuant to Texas Penal Code § 12.44(a). *United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003) (interpreting § 2L1.2, comment. (n.1(B)(iv)) (2001)). Even if the district court erred in applying the enhancement, any error was not clear or obvious. *See United States v. Ponce-Flores*, 900 F.3d 215, 217-19 (5th Cir. 2018).

Arcia-Hernandez also asserts that the district court unconstitutionally enhanced his statutory maximum at sentencing. He correctly concedes that his arguments are foreclosed, and he seeks to preserve the issue for further review. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Accordingly, the judgment of the district court is AFFIRMED.