# United States Court of Appeals for the Fifth Circuit

_____

No. 23-20611
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Wilmer Rivera-Hernandez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-348-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:*

Wilmer Rivera-Hernandez appeals the 600-month sentence that the district court imposed following his guilty plea conviction for engaging in interstate travel with the intent to engage in a sex act with a minor in violation of 18 U.S.C. § 2423(a).

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20611

Rivera-Hernandez challenges the district court's application of the two-level sentencing enhancement for causing serious bodily injury under U.S.S.G. § 2A3.1(b)(4), asserting that the injuries that the victim sustained did not amount to serious bodily injury under the Guidelines. Because he failed to preserve his objection, we review for plain error. *United States v. McGavitt*, 28 F.4th 571, 576 (5th Cir. 2022). To prevail on plain error review, Rivera-Hernandez must show, relevantly, an error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record indicates that the victim was strangled and bruised all over her body, forced to consume alcohol such that she passed out for significant parts of the incident, and experienced depression and fearfulness due to Rivera-Hernandez's offense. Under these circumstances, the district court did not clearly or obviously err under current law in applying the serious bodily injury enhancement; thus, this unpreserved challenge fails on plain error review. *See McGavitt*, 28 F.4th at 577; *see also United States v. Garza-Robles*, 627 F.3d 161, 169-70 (5th Cir. 2010); *United States v. Bell*, 367 F.3d 452, 470 (5th Cir. 2004); *United States v. Reed*, 26 F.3d 523, 530-31 (5th Cir. 1994).

Rivera-Hernandez further argues, for the first time on appeal, that impermissible double counting occurred because the four-level sentencing enhancement that he received under U.S.S.G. § 2A3.1(b)(1) was based on the same conduct that determined his base offense level under U.S.S.G. § 2G1.3(c)(3)'s cross-reference provision. However, given the lack of controlling authority supporting Rivera-Hernandez's argument as well as the contrary jurisprudence from other circuits, any error was not clear or obvious under the applicable plain error review. *See United States v. Ponce-Flores*, 900 F.3d 215, 218-19 (5th Cir. 2018); *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015).

No. 23-20611

Accordingly, the judgment is AFFIRMED.