# United States Court of Appeals for the Fifth Circuit

No. 23-20406

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnathan Avery,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-320-1

_____

Before Smith, Clement, and Higginson, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

Johnathan Avery challenges his sentence following his guilty plea for coercing or enticing an individual to travel to engage in prostitution in violation of 18 U.S.C. § 2422(a). He claims the district court erred in calculating his guideline range by improperly applying a four-level enhancement. Because the district court properly calculated Avery's guideline range, we affirm.

I.

Avery pleaded guilty to a one-count information for enticing a woman

to travel to engage in prostitution in violation of 18 U.S.C. § 2422(a). He signed an acceptance of responsibility statement as part of his plea. Avery's initial presentence report (PSR) erroneously determined his base offense level to be 30 under United States Sentencing Guidelines (U.S.S.G.) § 2A3.1(a)(2). To determine the base offense level, the PSR relied on the cross-reference in § 2G1.1(c)(1), which directs the sentencing court to apply § 2A3.1 when the offense involves sexual abuse conduct described in 18 U.S.C. § 2241(a) or § 2242. *See* U.S.S.G. § 2G1.1(c). In addition, the PSR assessed a four-level enhancement pursuant to § 2A3.1(b)(1), for conduct described in 18 U.S.C. § 2241(a) . Avery objected to the base level offense and the enhancement because his plea statement did not involve conduct described in either statute.

The district court subsequently conducted two sentencing hearings for Avery. At the first sentencing hearing, the judge initially agreed with the PSR's recommended offense level. In response, Avery's counsel requested a right to a hearing on the PSR and threatened that Avery would withdraw his plea if the court denied his request. During Avery's second hearing, the district court sustained Avery's objections, stating that it "would not apply the enhancement [§ 2A3.1(b)(1)] or cross-reference [§ 2G1.1(c)(1)] for coercion and physical force." The court reassured Avery that it had "adopted [his] position that the enhancement does not apply." The district court went on to apply a different enhancement under § 2G1.1(b)(1). Neither the district court nor the probation officer informed Avery or his counsel of the new enhancement before the second sentencing hearing.

The district court determined that Avery's offense level is 15 and his guideline range is 41 to 51 months.[1] Avery did not object. The district court

_____

[1] To calculate Avery's offense level of 15, the district court determined his base offense level to be 14, § 2G1.1(a)(2), applied the four-level enhancement under

varied upwards and sentenced Avery to 72-months imprisonment, an $100 mandatory special assessment, and a ten-year term of supervised release. Avery appeals his sentence.

## II.

Ordinarily, we review the district court's application of the sentencing guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Avery failed to object to his sentence, our review is for plain error. *See United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018). To prevail on plain-error review, Avery must show (1) an error that is (2) clear and obvious and that (3) affected his substantial rights, which here means that he would have received a lesser sentence. *See United States v. McGavitt*, 28 F.4th 571, 575 (5th Cir. 2022) (citing *United States v. McClaren*, 13 F.4th 386, 413 (5th Cir. 2021)). If Avery makes that showing, we have discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *See id.* Avery fails plain error review at step one— Avery does not show any error.

## III.

Avery maintains that, under the guidelines, his base offense level should be 11.[2] He accepts that § 2G1.1(a)(2) applies and that he is entitled to a reduction for signing an acceptance of responsibility statement. He dis-

---

§ 2G1.1(b)(1) because his offense involved "fraud or coercion," and applied a three-level reduction for signing an acceptance of responsibility statement. *See* U.S.S.G. § 3E1.1(b).

[2] Avery's proposed offense level of 11 is itself a miscalculation because he assumes he would receive a three-level reduction for acceptance of responsibility. However, with an offense level below 16 before the credit is applied, he would receive only a two-level reduction per U.S.S.G. § 3E1.1(b). Therefore, his proposed offense level would be 12 without the enhancement under § 2G1.1(b)(1).

putes the propriety of the four-level enhancement under § 2G1.1(b)(1), which is proper when § 2G1.1(a)(2) applies and the offense involves "fraud or coercion." Importantly, Avery does not dispute that his offense involved fraud or coercion, only that he lacked express notice of the enhancement and that the district court failed to make the requisite finding of "fraud or coercion" in the first instance. We address each claim in turn.

First, Avery complains that the district court failed expressly to inform him of the enhancement in contravention of Federal Rule of Criminal Procedure 32(i)(1)(C) and U.S.S.G. § 6A1.3(a). Rule 32(i)(1)(C) requires courts to "allow parties' attorneys to comment on . . . matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(C). And § 6A1.3(a) requires that defendants have an "adequate opportunity" to address "any factor important to the sentencing determination [that] is reasonably in dispute." Avery theorizes that his lack of notice resulted in a longer sentence because he was not able to combat the enhancement. That argument is unavailing, however, because Avery repeatedly agreed with the district court's calculation of his enhanced guidelines range.[3]

Second, Avery avers that the district court did not make the requisite factual findings to impose the enhancement. In determining whether a sentencing enhancement applies to a defendant, a district court may rely on factual findings in the PSR to support an enhancement, *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007), unless the defendant shows that the findings are "materially untrue, inaccurate, or unreliable." *United States v. Landreneau*, 967 F.3d 443, 451 (5th Cir. 2020). Although Avery disputed the findings in the PSR, he did not dispute that he sent a death threat text, and

---

[3] Avery also complains that the district court misled him when it reassured him that it adopted his "position that the enhancement does not apply." But the district court was referring to the enhancement in § 2A3.1(b)(1), not § 2G1.1(b)(1).

No. 23-20406

without presenting rebuttal evidence, he unpersuasively questioned the credibility of the victim's allegations of violence.

## IV.

For the foregoing reasons, we AFFIRM Avery's sentence.